◼ MICHAEL PETROSILLO, Respondent, v TOWN OF HUNTINGTON, Appellant. [901 NYS2d 692]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated June 20, 2008, which denied its motion for summary judgment dismissing the complaint, and (2) an order of the same court dated May 22, 2009, which denied its motion, which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, its prior motion.

Ordered that the appeal from the order dated May 22, 2009, is dismissed, as no appeal lies from an order denying leave to reargue, and upon the further ground that the appeal from that order is academic in light of our determination on the appeal from the order dated June 20, 2008; and it is further,

Ordered that the order dated June 20, 2008, is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On August 7, 2005, the plaintiff attended a picnic at Crab Meadow Beach in Huntington. Late in the afternoon, he was approached by a young woman, Jennifer Kelly, who was employed by the defendant as a lifeguard, but whose duties also included removing plastic garbage bags from metal garbage containers. According to the plaintiff, Kelly was struggling with one of the bags and asked the plaintiff if he could give her a hand. He complied with the request, and together they removed the bag from the container and placed it on a nearby cart. Further, according to the plaintiff, Kelly then asked him, "Can you help me with the rest?" The plaintiff agreed to do so and lifted

up a garbage bag in a second container. However, because it was "very heavy," he began to lower the bag to the ground, in order to get a better grip. In the process of doing so, a sharp object inside the bag lacerated both his legs.

The plaintiff subsequently commenced the present action, suing only the Town of Huntington. The defendant moved for summary judgment dismissing the complaint on various grounds, including, inter alia, that it owed no duty to the plaintiff. The Supreme Court denied the motion. Thereafter, the defendant made a second motion, denominated as one for leave to renew and reargue. The Supreme Court denied that motion as well, and the defendant appeals from both orders.

The defendant's second motion, denominated as one for leave to renew and reargue, did not offer any new facts not offered on its prior motion for summary judgment. The defendant sought the same relief without proffering any new facts, arguing that the court "erred" in its original determination. Accordingly, this motion was, in actuality, one for leave to reargue, the denial of which is not appealable (see CPLR 2221 [d] [2]; [e] [2]; U.S. Bank, N.A. v Russell-Esposito, 71 AD3d 1127 [2010]). Accordingly, we dismiss the defendant's appeal from the order dated May 22, 2009, for this reason, and on the further ground that it is academic in light of our determination of the appeal from the order dated June 20, 2008, discussed below.

The defendant demonstrated, prima facie, that the plaintiff's allegations concerning the alleged conduct of its employee in seeking his assistance in removing the garbage bags from the metal containers involved discretionary acts for which the defendant could not be held liable (see McLean v City of New York, 12 NY3d 194, 202-203 [2009]; Lauer v City of New York, 95 NY2d 95, 99-100 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (see CPLR 3212 [b]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Miller and Austin, JJ., concur.