■ FATIMA BLACKWELL et al., Appellants, v MIKEVIN MANAGEMENT III, LLC, Respondent. [931 NYS2d 116]—

While in the kitchen of her rental apartment in Yonkers, the plaintiff Fatima Blackwell (hereinafter the plaintiff), then nine months pregnant with the infant plaintiff, Talajah Ellison (hereinafter the infant plaintiff), allegedly was injured when she was struck in the head by pieces of falling ceiling plaster. Six weeks after birth, the infant plaintiff began to experience seizures.

The plaintiff commenced this action on her own behalf and on behalf of the infant plaintiff seeking to recover damages for her personal injuries and those of the infant plaintiff. Following joinder of issue and the completion of some discovery, but prior to depositions being conducted, the parties settled the plaintiff's claims for her own personal injuries. Thereafter, the defendant moved, in effect, for summary judgment dismissing the complaint insofar as asserted on behalf of the infant plaintiff, alleging that there was no proof that the infant plaintiff's seizures had been caused by the falling ceiling plaster striking the plaintiff while the infant plaintiff was in utero. The plaintiffs cross-moved pursuant to CPLR 3217 (b), in effect, to voluntarily discontinue the action without prejudice insofar as commenced on behalf of the infant plaintiff. The Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion. We reverse.

As the party seeking summary judgment, the defendant had the burden of demonstrating its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Here, not only were the submitted medical records not in admissible form because they were not certified or authenticated (*see* CPLR 4518 [c]; *Banfield v New York City Tr. Auth.*, 36 AD3d 732 [2007]; *Baez v Sugrue*, 300 AD2d 519 [2002]), but also, the defendant did nothing more than point to gaps in the plaintiffs' case in its efforts to meet its prima facie burden. A movant fails to satisfy its prima facie burden by merely pointing out gaps in the plaintiff's case (*see Englington Med., P.C. v Motor Veh. Acc. Indem. Corp.*, 81 AD3d 223 [2011]; *Shafi v Motta*, 73 AD3d 729, 730 [2010]; *Doe v Orange-Ulster Bd. of Coop. Educ. Servs.*, 4 AD3d 387, 388 [2004]). Since the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law, its motion should have been denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

"In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (*Expedite Video Conferencing Servs., Inc. v Botello*, 67 AD3d 961 [2009]; *see Tucker v Tucker*, 55 NY2d 378, 383 [1982]). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' cross motion pursuant to CPLR 3217 (b), in effect, to voluntarily discontinue the action insofar as commenced on behalf of the infant plaintiff because there was no showing that the defendant would be prejudiced by such discontinuance (*see Expedite Video Conferencing Servs.,*

*Inc. v Botello*, 67 AD3d 961 [2009]; *Parraguirre v 27th St. Holding, LLC*, 37 AD3d 793, 794 [2007]; *Citibank v Nagrotsky*, 239 AD2d 456 [1997]).

The plaintiffs' second motion, denominated as one for leave to renew and reargue, did not offer any new facts not offered in opposition to the defendant's motion or in support of their prior cross motion for voluntary discontinuance. Therefore, this motion was, in actuality, one for leave to reargue, the denial of which is not appealable (*see* CPLR 2221 [d] [2]; [e] [2]; *Petrosillo v Town of Huntington*, 73 AD3d 1146, 1147 [2010]). Accordingly, we dismiss the defendant's appeal from the order entered September 14, 2010. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.