■ KERRY STRUNK, Appellant, v REVENGE CAB CORP. et al., Respondents. [950 NYS2d 596]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (Taylor, J.), entered June 20, 2011, which denied her motion, denominated as one for leave to renew her prior motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated February 19, 2010, granting the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), upon her default in opposing the motion, which was, in actuality, one for leave to reargue her motion pursuant to CPLR 5015 (a) to vacate the order dated February 19, 2010.

Ordered that the appeal is dismissed, without costs or disbursements.

The plaintiff's motion, denominated as one for leave to renew, did not offer any new facts not offered in support of her prior motion pursuant to CPLR 5015 (a) to vacate an order granting the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), entered upon her default in opposing the motion. Therefore, the motion, denominated as one for leave to renew, was, in actuality, one for leave to reargue, the denial of which is not appealable (*see* CPLR 2221 [d] [2]; [e] [2]; *Blackwell v Mikevin Mgt. III, LLC*, 88 AD3d 836, 838 [2011]). Accordingly, the appeal must be dismissed. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.