Landmark Capital Partners, LLC v Greaves (2018 NY Slip Op 05672)





Landmark Capital Partners, LLC v Greaves


2018 NY Slip Op 05672


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-03687
 (Index No. 29631/09)

[*1]Landmark Capital Partners, LLC, et al., plaintiffs-respondents, 
v
Wendell Greaves, appellant, et al., defendants; BH Flushing, LLC, nonparty-respondent.


Steve C. Okenwa, New York, NY, for appellant.
Scott A. Rosenberg, P.C., Garden City Park, NY (Kevin R. Toole of counsel), for plaintiffs-respondents Landmark Capital Partners, LLC, and Green Mountain Finance Fund, LLC (no brief filed).
Law Office of Keith S. Garret, P.C., Babylon, NY, for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wendell Greaves appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 19, 2016. The order denied his motion pursuant to CPLR 2221, denominated as one for leave to renew and reargue his prior motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated November 21, 2014, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the appeal is dismissed, with costs.
The appellant's motion, denominated as one for leave to renew and reargue, did not offer any new facts that had not been offered on the prior motion to vacate a judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Therefore, the motion, although denominated as one for leave to renew and reargue, was, in actuality, only for leave to reargue, the denial of which is not appealable (see CPLR 2221[d][2]; [e][2]; Arch Bay Holdings, LLC-Series 2010C v Daisy, 132 AD3d 787, 787; Poulard v Judkins, 102 AD3d 665, 666; Strunk v Revenge Cab Corp., 98 AD3d 1030, 1031; Blackwell v Mikevin Mgt. III, LLC, 88 AD3d 836, 838). Accordingly, the appeal must be dismissed.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court