■ JAMAICA HOSPITAL MEDICAL CENTER, INC., et al., Appellants, v OXFORD HEALTH PLANS (NY), INC., et al., Respondents. [871 NYS2d 665]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 24, 2007, as granted that branch of the defendants' motion which was to compel arbitration, and (2) so much of an order of the same court dated May 24, 2007, as denied that branch of their motion which was to voluntarily discontinue the action, without prejudice, pursuant to CPLR 3217 (b).

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents.

The Supreme Court properly determined that the plaintiffs' claims, as alleged in the amended complaint, all arise from or relate to their contracts with the defendants and, therefore, are within the scope of the broad arbitration provisions contained within those contracts (*see M.H. Kane Constr. Corp. v URS Corp. Group Consultants*, 42 AD3d 512, 513 [2007]; *Vitals986, Inc. v Healthwave, Inc.*, 15 AD3d 571 [2005]). Although the plaintiffs allege fraud, it is not the type that permeates the agreements in their entirety so as to invalidate the arbitration clauses as well (*see Matter of Weinrott [Carp]*, 32 NY2d 190 [1973]; *Riverside Capital Advisors, Inc. v Winchester Global Trust Co. Ltd.*, 21 AD3d 887, 889 [2005]; *Cologne Reins. Co. of Am. v Southern Underwriters*, 218 AD2d 680, 681 [1995]). Moreover, this dispute is arbitrable as its subject matter does not violate a statute, decisional law, or public policy (*compare Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit*, 8 NY3d 465, 470 [2007]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to voluntarily discontinue the action without prejudice (*see Tucker v Tucker*, 55 NY2d 378, 383 [1982]). The record supports a finding that the plaintiffs were merely attempting to circumvent the prior order compelling arbitration (*see Kaplan v Village of Ossining*, 35 AD3d 816, 817 [2006]; *Schachter v Royal Ins. Co. of Am.*, 21 AD3d 1024 [2005]; *Venture I, Inc. v Voutsinas*, 8 AD3d 475 [2004]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.