■ WELLS FARGO BANK, N.A., Respondent, v YVONNE CHAPLIN, Appellant, et al., Defendants. [969 NYS2d 67]—

In an action to foreclose a mortgage, the defendant Yvonne Chaplin appeals from (1) an order of the Supreme Court, Queens County (Kerrigan, J.), entered February 14, 2011, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her, and, in effect, for leave to enter a default judgment on her counterclaims against the plaintiff upon the plaintiff's failure to timely reply to the counterclaims, and, sua sponte, directed the dismissal of her counterclaims, and (2) an order of the same court entered July 20, 2011, which granted the plaintiff's cross motion pursuant to CPLR 3217 (b) to voluntarily discontinue the action and denied her motion for leave to renew and reargue her prior motion for summary judgment dismissing the complaint insofar as asserted against her, and, in effect, for leave to enter a default judgment on her counterclaims against the plaintiff upon the plaintiff's failure to timely reply to the counterclaims.

Ordered that the appeal from so much of the order entered February 14, 2011, as, sua sponte, directed the dismissal of the counterclaims of the defendant Yvonne Chaplin is deemed to be a motion for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered February 14, 2011, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered July 20, 2011, as denied that branch of the defendant Yvonne

Chaplin's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 20, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In January 2008, the plaintiff commenced this action to foreclose on a second mortgage secured by real property located in Rosedale, Queens. In February 2008, the defendant Yvonne Chaplin filed an answer with counterclaims. Chaplin, however, did not produce an affidavit of service demonstrating service of the answer with counterclaims upon the plaintiff. In December 2010, Chaplin moved for summary judgment dismissing the complaint insofar as asserted against her, and, in effect, for leave to enter a default judgment on her counterclaims against the plaintiff upon the plaintiff's failure to timely reply to the counterclaims. In an order entered February 14, 2011, the Supreme Court denied Chaplin's motion in its entirety, and, sua sponte, directed dismissal of her counterclaims. Chaplin thereafter moved for leave to renew and reargue. The plaintiff crossmoved pursuant to CPLR 3217 (b) to voluntarily discontinue the action. In an order entered July 20, 2011, the Supreme Court denied Chaplin's motion, and granted the plaintiff's cross motion.

The Supreme Court properly determined that, in support of that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her, Chaplin failed to establish her prima facie entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly denied that branch of Chaplin's motion regardless of the sufficiency of the plaintiff's opposition papers.

When a defendant asserting counterclaims fails to seek leave to enter a default judgment within one year after the default on the counterclaims has occurred, the counterclaims are deemed abandoned pursuant to CPLR 3215 (c) (see Giglio v NTIMP, Inc., 86 AD3d 301, 307 [2011]; Mint Factors v Goldman, 74 AD2d 599, 599 [1980]). Here, the Supreme Court properly denied that branch of the defendant's motion which was for leave to enter a default judgment on her counterclaims against the plaintiff upon the plaintiff's alleged failure to timely reply to the counterclaims, and properly, sua sponte, dismissed the defendant's counterclaims as abandoned (see CPLR 3215 [c]; Giglio v NTIMP, Inc., 86 AD3d at 307; Mint Factors v Goldman,

74 AD2d at 599-600). The defendant failed to move for leave to enter a default judgment on her counterclaims within one year, and failed to establish a reasonable excuse for her delay in seeking a default judgment on the counterclaims and demonstrate that the counterclaims were potentially meritorious (*see Giglio v NTIMP, Inc.*, 86 AD3d at 308).

The Supreme Court also properly denied that branch of Chaplin's subsequent motion which was for leave to renew, as she failed to set forth new facts which would warrant a change the court's prior determinations (*see* CPLR 2221 [e]).

The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217 (b) rests within the sound discretion of the court (*see Expedite Video Conferencing Servs., Inc. v Botello*, 67 AD3d 961, 961 [2009]). " 'In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted' " (*Blackwell v Mikevin Mgt. III, LLC*, 88 AD3d 836, 837 [2011], quoting *Expedite Video Conferencing Servs., Inc. v Botello*, 67 AD3d at 961; *see Tucker v Tucker*, 55 NY2d 378, 383 [1982]). Here, the defendant opposed the plaintiff's cross motion to discontinue this action because the plaintiff employed this procedure solely for the purpose of litigating all claims against her in connection with all applicable mortgages in a separate, pending action. However, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion pursuant to CPLR 3217 (b) to voluntarily discontinue the action, as there was no showing that the defendant would be prejudiced by discontinuance (*see Mathias v Daily News*, 301 AD2d 503, 504 [2003]; *see also Blackwell v Mikevin Mgt. III, LLC*, 88 AD3d at 837).

The defendant's remaining contentions are without merit. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.