■ Israel Rothenberg, Appellant, v Congregation Anshei Sfard, Respondent. [2 NYS3d 580]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), entered January 27, 2014, which denied his motion pursuant to CPLR 3217 (b) for leave to discontinue the action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in the Supreme Court, Kings County, in February 2012. After the defendant moved to change the venue of this action to Rockland County, and the plaintiff cross-moved to retain venue in Kings County, the parties entered into a stipulation to change venue to Rockland County. The stipulation was so-ordered by the court on March 22, 2013.

Subsequently, in June 2013, the plaintiff filed a second action against the defendant in the Supreme Court, Kings County, which was identical to this action. In November 2013, the plaintiff moved for leave to discontinue this action. The Supreme Court denied the motion.

"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217 (b) rests within the sound discretion of the court" (*Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881, 883 [2013]; *see Tucker v Tucker*, 55 NY2d 378, 383 [1982]; *25 Jay St. Tenants' Assn. v 25 Jay St.*, 290 AD2d 503, 504 [2002]). While ordinarily such motions should be granted, "[p]articular prejudice to the defendant or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or . . . obligatory" (*Tucker v Tucker*, 55 NY2d at 383-384; *see Turco v Turco*, 117 AD3d 719, 720 [2014]).

Here, given the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to voluntarily discontinue this action (*see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc.*, 58 AD3d 686, 687 [2009]; *Venture I, Inc. v Voutsinas*, 8 AD3d 475 [2004]; *see also Kaplan v Village of Ossining*, 35 AD3d 816, 817 [2006]; *Schachter v Royal Ins. Co. of Am.*, 21 AD3d 1024, 1025 [2005]). The record demonstrates that the plaintiff's motion was an attempt to circumvent the consequences of the so-ordered stipulation which had already changed the venue of this action from Kings County to Rockland County. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.