■ EMIGRANT MORTGAGE COMPANY, INC., Respondent, v BERTHA CARRERA et al., Appellants, et al., Defendants. [6 NYS3d 88]—

In an action to foreclose a mortgage, the defendants Bertha

Carrera, Miguel Rojas, and Bertha Rojas appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated January 30, 2013, which granted the plaintiff's motion, inter alia, pursuant to CPLR 3217 (b) to voluntarily discontinue the action without prejudice and denied their cross motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, with prejudice.

Ordered that the order is affirmed, with costs.

In November 2009, the plaintiff commenced this action to foreclose on a mortgage secured by certain real property owned by the defendants Bertha Carrera, Miguel Rojas, and Bertha Rojas (hereinafter collectively the appellants). Thereafter, the plaintiff, Emigrant Mortgage Company, Inc., moved, inter alia, pursuant to CPLR 3217 (b) to voluntarily discontinue the action without prejudice based on its failure to comply with the notice provisions of RPAPL 1303 or 1304. The appellants cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, with prejudice, based on the notice defect. In an order dated January 30, 2013, the Supreme Court granted the plaintiff's motion and denied the appellants' cross motion.

" 'The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217 (b) rests within the sound discretion of the court' " (*Turco v Turco*, 117 AD3d 719, 720 [2014], quoting *Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881, 883 [2013]). "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (*Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d at 883 [internal quotation marks omitted]). Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion, as there was no showing of special circumstances (*see Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d at 883; *Expedite Video Conferencing Servs., Inc. v Botello*, 67 AD3d 961 [2009]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, to voluntarily discontinue the action without prejudice, and denied the appellants' cross motion to dismiss the complaint insofar as asserted against them, with prejudice. Eng, P.J., Austin, Cohen and Barros, JJ., concur.