■ DANIEL MONTALTO et al., Respondents, v COLGATE SCAFFOLDING CORP. et al., Defendants, KSK CONSTRUCTION GROUP, LLC, Defendant/Third-Party Plaintiff-Appellant, and FULTON CORNER ACQUISITION, LLC, et al., Appellants. THYSSENKRUPP ELEVATOR CORPORATION, Third-Party Defendant-Appellant. [11 NYS3d 88]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff, KSK Construction Group, LLC, and the defendant Fulton Corner Acquisition, LLC, appeal from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated April 2, 2014, as, in effect, denied that branch of their motion which was to vacate the plaintiffs' notice of discontinuance, and granted the plaintiffs' cross motion pursuant to CPLR 3217 (b) for leave to discontinue the action without prejudice, and the defendant Transcope Companies and the third-party defendant, Thyssenkrupp Elevator Corporation, separately appeal from so much of the same order as, in effect, denied those branches of their respective cross motions which were to vacate the plaintiffs' notice of discontinuance, and granted the plaintiffs' cross motion.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs payable to the appellants appearing separately and filing separate briefs, that branch of the motion of the defendant/ third-party plaintiff, KSK Construction Group, LLC, and the defendant Fulton Corner Acquisition, LLC, and those branches of the respective cross motions of the defendant Transcope Companies and the third-party defendant, Thyssenkrupp Elevator Corporation, which were to vacate the plaintiffs' notice of discontinuance are granted, and the plaintiffs' cross motion pursuant to CPLR 3217 (b) for leave to discontinue the action without prejudice is denied.

On August 1, 2011, the plaintiff Daniel Montalto (hereinafter the injured plaintiff) allegedly was injured when part of a scaffold fell on him while he was working at a construction site in Brooklyn. On September 16, 2011, he, and his wife suing derivatively, commenced an action in the Supreme Court, Bronx County, naming, among others, Colgate Scaffolding Corp. as a defendant. In March 2012, after issue had been joined as to most of the defendants, the plaintiffs, at a preliminary conference, discontinued the action against Colgate Scaffolding Corp. and other defendants. In August 2012, the defendant KSK Construction Group, LLC (hereinafter KSK), commenced a third-party action against Thyssenkrupp Elevator Corporation (hereinafter Thyssenkrupp), the injured plaintiff's employer. KSK and the defendant Fulton Corner Acquisition, LLC (hereinafter Fulton Corner), moved to change venue from Bronx County to Suffolk County on the ground that since Colgate Scaffolding Corp. was the only party with a residence in Bronx County and was no longer a party, Bronx County was not a proper county in which to place venue. In an order dated March 27, 2013, the Supreme Court, Bronx County, granted the motion and placed venue in Suffolk County, where the plaintiffs reside. The plaintiffs did not appeal from that order and, on April 19, 2013, they filed a notice of discontinuance in Bronx County. On May 6, 2013, the plaintiffs commenced a new action in the Supreme Court, Kings County, naming as defendants KSK, Fulton Corner, Colgate Hoist, Inc., CS Bridge Corp., and Colgate Enterprise Corp.

In June 2013, KSK and Fulton Corner moved in the Supreme Court, Suffolk County, to vacate the notice of discontinuance and for sanctions pursuant to 22 NYCRR 130-1.1. The defendant Transcope Companies (hereinafter Transcope) and Thyssenkrupp separately cross-moved for the same relief. The plaintiffs cross-moved pursuant to CPLR 3217 (b) for leave to

discontinue the Suffolk County action, without prejudice. The Supreme Court, Suffolk County, in effect, denied the motion of KSK and Fulton Corner and the cross motions of Transcope and Thyssenkrupp for the same relief and granted the plaintiffs' cross motion pursuant to CPLR 3217 (b) for leave to discontinue the Suffolk County action, without prejudice. KSK and Fulton Corner, and Transcope and Thyssenkrupp (hereinafter collectively the appellants), appeal from so much of the order as, in effect, denied those branches of their motion and cross motions, respectively, which were to vacate the plaintiffs' notice of discontinuance and granted the plaintiffs' cross motion.

The Supreme Court should have granted those branches of the appellants' motion and cross motions which were to vacate the plaintiffs' notice of discontinuance. The notice of discontinuance was untimely, as it was served and filed after issue had been joined (*see* CPLR 3217 [a] [1]; *BDO USA, LLP v Phoenix Four, Inc.*, 113 AD3d 507, 511 [2014]). Furthermore, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' cross motion pursuant to CPLR 3217 (b) for leave to discontinue the action, without prejudice. The record supports a finding that the plaintiffs, in moving to voluntarily discontinue the action, were attempting to circumvent the prior order of the Supreme Court, Bronx County, dated March 27, 2013, changing venue from Bronx County to Suffolk County (*see Rothenberg v Congregation Anshei Sfard*, 125 AD3d 631 [2015]; *Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc.*, 58 AD3d 686, 687 [2009]; *Kaplan v Village of Ossining*, 35 AD3d 816, 817 [2006]; *Aison v Hudson Riv. Black Riv. Regulating Dist.*, 279 AD2d 754 [2001]; *Angerame v Nissenbaum*, 208 AD2d 579 [1994]; *Bonfante v Hadar Homes*, 84 AD2d 570 [1981]). Accordingly, the Supreme Court should have denied the plaintiffs' cross motion and granted those branches of the appellants' motion and cross motions which were to vacate the plaintiffs' notice of discontinuance.

The parties' remaining contentions are without merit. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.