■ MICHAEL MARINELLI, Appellant, v ECKARD WIMMER et al., Respondents. [30 NYS3d 571]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 12, 2015, as denied his cross motion pursuant to CPLR 3217 (b) for leave to discontinue the action without prejudice.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the plaintiff commenced this action in the Supreme Court, Kings County, the defendants moved to change venue to Suffolk County, contending that Kings County was an improper venue. The plaintiff then cross-moved pursuant to CPLR 3217 (b) for leave to discontinue the action without prejudice in the event that the court granted the defendants' motion. The court granted the defendants' motion, transferred the case to Suffolk County, and denied the plaintiff's cross motion. We affirm insofar as appealed from.

While the plaintiff concedes that venue was improperly placed in Kings County, he contends that his cross motion to discontinue should have been granted. A motion for leave to discontinue an action is addressed to the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378 [1982]; Turco v Turco, 117 AD3d 719 [2014]; GMAC Mtge., LLC v Bisceglie, 109 AD3d 874 [2013]), and generally should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results (see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686 [2009]; Kaplan v Village of Ossining, 35 AD3d 816 [2006]; DuBray v Warner Bros. Records, 236 AD2d 312 [1997]).

Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion, since the record supports the conclusion that the requested discontinuance was improperly sought to avoid the consequences of a potentially adverse determination with respect to the defendants' motion to change venue (see Baez v Parkway Mobile Homes, Inc., 125 AD3d 905 [2015]), as well as to prejudice the defendants' ability to obtain venue in a proper county (see Montalto v Colgate Scaffolding Corp., 128 AD3d 916 [2015]; Rothenberg v Congregation Anshei Sfard, 125 AD3d 631 [2015]). Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.