Federal Natl. Mtge. Assn. v Biggs (2019 NY Slip Op 04139)





Federal Natl. Mtge. Assn. v Biggs


2019 NY Slip Op 04139


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-10520
2017-12674
 (Index No. 6416/16)

[*1]Federal National Mortgage Association, etc., respondent, 
v
John Biggs, et al., appellants, et al., defendants. David B. Gilbert, Middletown, NY, for appellants.


Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants John Biggs and Lisa Nunez appeal from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated August 10, 2017, and (2) an order of the same court dated September 28, 2017. The order dated August 10, 2017, granted the plaintiff's motion for leave to voluntarily discontinue the action without prejudice and to cancel the notice of pendency, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order dated September 28, 2017, discontinued the action and canceled the notice of pendency.
ORDERED that the appeal from so much of the order dated August 10, 2017, as granted the plaintiff's motion for leave to voluntarily discontinue the action without prejudice and to cancel the notice of pendency is dismissed, as that portion of the order was superseded by the order dated September 28, 2017; and it is further,
ORDERED that the order dated August 10, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated September 28, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this mortgage foreclosure action by summons and complaint dated September 19, 2016. The defendants John Biggs and Lisa Nunez (hereinafter together the defendants) interposed a verified answer. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing because it was not the holder of the note at the time of the commencement of the action, and that the plaintiff failed to comply with the notice provision of RPAPL 1304. Additionally, the defendants sought a "hearing to determine if the complaint should be dismissed with prejudice" based upon the plaintiff's purported noncompliance with CPLR 3012-b.
The plaintiff did not submit opposition papers to the defendants' cross motion, but moved for leave to voluntarily discontinue the action without prejudice and to cancel the notice of pendency. The defendants opposed the plaintiff's motion, arguing, inter alia, that the plaintiff's motion was intended to avoid a determination of their cross motion seeking a dismissal of the complaint insofar as asserted against them with prejudice. In an order dated August 10, 2017, the Supreme Court granted the plaintiff's motion for leave to voluntarily discontinue the action without prejudice and to cancel the notice of pendency, and denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Subsequently, in an order dated September 28, 2017, the court discontinued the action and canceled the notice of pendency. The defendants appeal.
"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883; see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d 853, 854). "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d at 883 [internal quotation marks omitted]; see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d at 854).
The Supreme Court providently exercised its discretion in granting the plaintiff's motion, inter alia, for leave to voluntarily discontinue the action without prejudice, as there was no showing of special circumstances (see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d at 854). Contrary to the defendants' contentions, the court considered and denied their cross motion before reaching the plaintiff's motion, inter alia, to discontinue. Moreover, none of the defendants' arguments in support of their cross motion for summary judgment, even if successful, would have resulted in an order of dismissal with prejudice.
The defendants' remaining contentions either are academic, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court