Haughey v Kindschuh (2019 NY Slip Op 07238)





Haughey v Kindschuh


2019 NY Slip Op 07238


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-00909
 (Index No. 51053/13)

[*1]Gerard J. Haughey, etc., et al., plaintiffs,
v
Mark Kindschuh, etc., appellant, Sound Shore Medical Center of Westchester, respondent.


Rende, Ryan & Downes, LLP, White Plains, NY (Daniel M. Lee of counsel), for appellant.
Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (Edward G. Warren and Evan J. Lyman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Mark Kindschuh appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated November 17, 2017. The order granted the motion of the defendant Sound Shore Medical Center of Westchester for leave to amend its answer to assert cross claims against the defendant Mark Kindschuh for indemnification and contribution and to deem the proposed amended answer served nunc pro tunc, and denied the motion of the defendant Mark Kindschuh to have a stipulation of discontinuance so-ordered.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the motion of the defendant Mark Kindschuh to have a stipulation of discontinuance so-ordered, and substituting therefor a provision granting the motion, on the condition that the cross claims asserted by the defendant Sound Shore Medical Center of Westchester and the defendant Mark Kindschuh against each other are severed and continued; as so modified, the order is affirmed, without costs or disbursements.
In this action sounding in medical malpractice, the plaintiffs alleged that the defendant Mark Kindschuh, an attending physician in the emergency room of the defendant Sound Shore Medical Center of Westchester (hereinafter Sound Shore), failed to recognize and properly treat the signs and symptoms of a stroke the plaintiffs' decedent suffered. The action was commenced in 2013. The plaintiffs served an amended complaint in May 2015. Sound Shore served an answer to the amended complaint in June 2015.
On July 28, 2017, the plaintiffs signed a stipulation to discontinue the action against Kindschuh. Sound Shore did not sign the stipulation. On August 8, 2017, without leave of court, Sound Shore served an amended answer to the amended complaint adding cross claims against Kindschuh for indemnification and contribution. On August 14, 2017, the plaintiffs rejected Sound Shore's amended answer. Kindschuh, however, did not reject the amended answer and, on August 16, 2017, served an answer to Sound Shore's amended answer responding to the cross claims and adding his own cross claims against Sound Shore for indemnification and contribution. Sound Shore then moved for leave to amend its answer to assert the cross claims against Kindschuh and to deem [*2]the amended answer served nunc pro tunc. The plaintiffs and Kindschuh separately opposed the motion. Thereafter, Kindschuh moved to have the stipulation of discontinuance so-ordered. The Supreme Court granted Sound Shore's motion and denied Kindschuh's motion. Kindschuh appeals.
We agree with the Supreme Court's determination granting Sound Shore leave to amend its answer to assert cross claims against Kindschuh for indemnification and contribution. Kindschuh waived the right to dispute the propriety of Sound Shore's amended answer and cross claims by filing a responsive pleading without objection (see Moran v Hurst, 32 AD3d 909, 910; Jordan v Aviles, 289 AD2d 532, 533; Nassau County v Incorporated Vil. of Roslyn, 182 AD2d 678, 679).
"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883; see Tucker v Tucker, 55 NY2d 378, 383; Marinelli v Wimmer, 139 AD3d 914, 915; Rothenberg v Congregation Anshei Sfard, 125 AD3d 631, 632). Generally such motions should be granted "unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (Marinelli v Wimmer, 139 AD3d at 915; see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686). "Factors militating against discontinuance include prejudice to an opposing party as well as the imposition of one or more counterclaims" (Matter of Bronsky-Graff Orthodontics, 270 AD2d 792, 793; see Aison v Hudson Riv. Black Riv. Regulating Dist., 279 AD2d 754, 755).
Applying these principles here, we disagree with the Supreme Court's determination to deny Kindschuh's motion to have the stipulation of discontinuance so-ordered. Under the circumstances of this case, the court should have granted the motion and directed that the cross claims asserted by Sound Shore and Kindschuh against each other be severed and continued.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court