Chase Home Fin., LLC v Sulton (2020 NY Slip Op 03761)





Chase Home Fin., LLC v Sulton


2020 NY Slip Op 03761


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07438
 (Index No. 10089/11)

[*1]Chase Home Finance, LLC, respondent,
v
Andre L. Sulton, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellant.
Morgan, Lewis & Bockius LLP, New York, NY (Brian A. Herman and Simon Chang of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Andre L. Sulton appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 24, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice, and declined to award him an attorney's fee.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage. After the defendant Andre L. Sulton (hereinafter the defendant) interposed an answer and counterclaim, the plaintiff moved for summary judgment and an order of reference. The Supreme Court denied that motion without prejudice on the ground that the plaintiff had failed to demonstrate that the RPAPL 1304 notices were timely sent. Based on the court's determination and other factual circumstances in the case, the plaintiff elected to de-accelerate the loan and moved, inter alia, pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice. The court granted the plaintiff's motion, and the defendant appeals.
The determination of a motion pursuant to CPLR 3217(b) for leave to discontinue an action without prejudice is within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383; Marinelli v Wimmer, 139 AD3d 914, 915). The motion should be granted "unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (Marinelli v Wimmer, 139 AD3d at 915; see GMAC Mtge., LLC v Bisceglie, 109 AD3d 874, 876; Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622, 622). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to discontinue the action without prejudice, as there was no showing of substantial prejudice or other improper results (see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d 853, 854; Wells Fargo Bank, N.A. v Fisch, 103 AD3d at 622).
Further, since the discontinuance of this action pursuant to CPLR 3217(b) was without prejudice and there was no substantive determination on the merits, the defendant was not [*2]a prevailing party and was not entitled to an award of an attorney's fee for a "successful defense" of this foreclosure action (Real Property Law § 282; see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776). Accordingly, the Supreme Court providently exercised its discretion in declining to award the defendant an attorney's fee as a condition of granting the discontinuance (see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d at 776).
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court