Nationstar Mtge., LLC v Dalton (2022 NY Slip Op 00181)





Nationstar Mtge., LLC v Dalton


2022 NY Slip Op 00181


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-14999
 (Index No. 502214/18)

[*1]Nationstar Mortgage, LLC, etc., respondent,
v
Allison Dalton, etc., appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Allison Dalton appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 1, 2018. The order granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice.
ORDERED that the order is affirmed, with costs
In February 2018, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Allison Dalton (hereinafter the defendant). In March 2018, the defendant filed an answer and a note of issue and certificate of readiness. In September 2018, the plaintiff moved, inter alia, pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice. The defendant opposed the motion, arguing, inter alia, that any discontinuance should be with prejudice. In an order dated November 1, 2018, the Supreme Court granted that branch of the plaintiff's motion which was for leave to discontinue the action without prejudice. The defendant appeals.
The determination of a motion pursuant to CPLR 3217(b) for leave to discontinue an action without prejudice is within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383; Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526). "Generally such motions should be granted 'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Marinelli v Wimmer, 139 AD3d 914, 915). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to discontinue the action without prejudice, as there was no showing of substantial prejudice or other improper results (see Chase Home Fin., LLC v Sulton, 185 AD3d 646, 646; Federal Natl. Mtge. Assn. v Biggs, 172 AD3d 1322, 1323).
The defendant's remaining contentions are without merit.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court