HSBC Bank USA, N.A. v Michalczyk (2023 NY Slip Op 03855)

HSBC Bank USA, N.A. v Michalczyk

2023 NY Slip Op 03855

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-03131 
2019-03132
 (Index No. 606051/15)

[*1]HSBC Bank USA, N.A., respondent, 
v
Mildred J. Michalczyk, appellant, et al., defendants.

Mildred J. Michalczyk, East Farmingdale, NY, appellant pro se.
Cohn & Roth, LLC, Mineola, NY (Michael C. Nayar of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mildred J. Michalczyk appeals from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated January 8, 2019. The first order, insofar as appealed from, granted the plaintiff's motion for leave to discontinue the action without prejudice and to cancel and discharge the notice of pendency, and denied those branches of the cross-motion of the defendant Mildred J. Michalczyk which were to discontinue the action with prejudice and to impose sanctions. The second order, insofar as appealed from, in effect, granted the same relief to the plaintiff, discontinued the action without prejudice, and directed the cancellation and discharge of the notice of pendency.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the defendant Mildred J. Michalczyk (hereinafter the borrower), among others, to foreclose a mortgage on certain residential property in East Farmingdale. The borrower interposed an answer, generally denying the allegations in the complaint and asserting various affirmative defenses and counterclaims seeking to rescind the loan agreement and to recover damages, inter alia, for breach of contract, failure to negotiate in good faith, and violations of the Fair Debt Collection Practices Act and the Truth in Lending Act. In or about August 2018, the plaintiff moved for leave to discontinue the action without prejudice and to cancel and discharge the notice of pendency. The borrower opposed the motion and cross-moved to (1) sever her counterclaims; (2) impose sanctions against the plaintiff pursuant to CPLR 3408; (3) impose sanctions against the plaintiff, its counsel, and its former counsel, separately, pursuant to 22 NYCRR 130-1.1; and (4) discontinue the action with prejudice. The plaintiff opposed the cross-motion. In an order dated January 8, 2019, the Supreme Court, among other things, granted the plaintiff's motion for leave to discontinue the action without prejudice and to cancel and discharge the notice of pendency, and denied those branches of the borrower's cross-motion which were to discontinue the action with prejudice and to impose sanctions. In a second order, also dated January 8, 2019, the court, inter alia, discontinued the action without prejudice and directed the cancellation and discharge of the notice of pendency. The borrower appeals.
The determination of a motion pursuant to CPLR 3217(b) for leave to discontinue an [*2]action without prejudice is within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383; Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526). "Generally such motions should be granted 'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Marinelli v Wimmer, 139 AD3d 914, 915). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to discontinue the action without prejudice, as there was no showing of substantial prejudice or other improper results (see Nationstar Mtge., LLC v Dalton, 201 AD3d 726, 727; Chase Home Fin., LLC v Sulton, 185 AD3d 646, 647; Federal Natl. Mtge. Assn. v Biggs, 172 AD3d 1322, 1323).
The borrower's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court