Wilmington Sav. Fund Socy., FSB v Moore (2023 NY Slip Op 04967)

Wilmington Sav. Fund Socy., FSB v Moore

2023 NY Slip Op 04967

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-06498
 (Index No. 604747/19)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Franklin L. Moore, et al., defendants, Francine Moore, etc., appellant.

Francine Moore, Bay Shore, NY, appellant pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Francine Moore appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 27, 2021. The order, inter alia, granted the plaintiff's motion for leave to voluntarily discontinue the action and to cancel a notice of pendency.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant Francine Moore (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Bay Shore. In lieu of answering the complaint, the defendant moved, inter alia, to dismiss the complaint insofar as asserted against her on various grounds. The plaintiff subsequently moved for leave to voluntarily discontinue the action and to cancel a notice of pendency. The defendant opposed the motion. In an order dated July 27, 2021, the Supreme Court granted the plaintiff's motion, without prejudice, and directed the County Clerk to cancel the notice of pendency. The defendant appeals.
"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883; see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d 853, 854). "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d at 883 [internal quotation marks omitted]; see Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d at 854). Here, the defendant made no showing of special circumstances (see Federal Natl. Mtge. Assn. v Biggs, 172 AD3d 1322; Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d at 854). Additionally, contrary to the defendant's contention, the record does not contain any grounds for discontinuance of the action with prejudice (see Chase Home Fin., LLC v Sulton, 185 AD3d 646, 647; cf. GMAC Mtge., LLC v Bisceglie, 109 AD3d 874).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to voluntarily discontinue the action without prejudice and to cancel the notice of pendency.
The defendant's remaining contentions concerning the merits of her motion, inter alia, to dismiss the complaint insofar as asserted against her are not properly before the Court, as the order [*2]appealed from did not decide that motion (see Horowitz v 763 Eastern Associates, LLC, 125 AD3d 808).
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court