# ISZO Capital LP v Jefferies LLC

2024 NY Slip Op 34267(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 651562/2024

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. NANCY M. BANNON                         PART                    61M

                                                    *Justice*

------------------------------------------------------------------------X

ISZO CAPITAL LP,

                            Plaintiff,

              - v -

JEFFERIES LLC,

                            Defendant.

------------------------------------------------------------------------X

INDEX NO.          651562/2024

MOTION DATE        , 08/08/2024

MOTION SEQ. NO.    001 003

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 24, 25, 48

were read on this motion to/for                    COMPEL ARBITRATION                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 28, 29, 30, 31, 32, 33, 34, 35, 41, 45, 51, 52, 54, 55

were read on this motion to/for                    DISCONTINUE                    .

In this action for declaratory and injunctive relief, commenced on March 26, 2024, the plaintiff sought an order directing the defendant to take actions necessary to allow the plaintiff's broker to close out the plaintiff's short position (the "Gordmans Short Position") in the common stock of a company (the "Gordmans Stock") that has been liquidated in bankruptcy. Specifically, the plaintiff seeks to have the court declare that it is impossible for the plaintiff to purchase Gordmans Stock and to direct the defendant, a lender from whom the plaintiff's broker was borrowing Gordmans Stock, to terminate its stock loan. On April 22, 2024, the defendant moved, pre-answer, to compel arbitration pursuant to CPLR 7503(a) to be held before the same FINRA panel that has recently ruled in favor of the defendant, or, in the alternative, to dismiss the complaint on the grounds of res judicata, collateral estoppel or statute of limitations (CPLR 3211[a][5]) and failure to state a cause of action (CPLR 3211[a][7]) (MOT SEQ 001). [1]

---

[1] The FINRA arbitration award, issued February 29, 2024, in which the arbitrator, *inter alia*, rejected the plaintiff's claim that the defendant could or should unilaterally close a short position so that the plaintiff no longer had to pay to maintain that position, was confirmed by an order of this court (Crane, J.) dated May 22, 2024 (*Jeffries LLC et al. v ISZO Capital LP et al.*, Index No. 651394/2024.) The defendant represents that the plaintiff has not paid the $1 million in attorney's fees it was ordered to pay.

**651562/2024  ISZO CAPITAL LP vs. JEFFERIES LLC**
Motion No.  001 003

**Page 1 of 4**

As stated in the affidavit of the plaintiff's Chief Legal Officer, Cindy Delano, filed in MOT SEQ 003, on the same day the defendant filed MOT SEQ 001, the plaintiff learned from its broker that the Depository Trust Company ("DTC") had removed shares of Gordmans Stock from its records, thereby allowing the plaintiff's broker to close out the Gordmans Short Position without any action by the defendant. Both parties agree that, as the Gordmans Short Position has now been closed, this action, as well as the defendant's motion to compel arbitration or dismiss the complaint, are moot. In light of these developments, the plaintiff did not oppose the motion and sought the defendant's consent to discontinue this action without prejudice. The defendant agreed the action should be discontinued but opposed the "without prejudice" request and sought attorney's fees and costs from the plaintiff.

Consequently, on May 21, 2024, the plaintiff moved pursuant to CPLR 3217(b) to discontinue this action without prejudice (MOT SEQ 003). The defendant opposes the motion to the extent it seeks a discontinuance without prejudice, and cross-moves for sanctions pursuant to 22 NYCRR § 130-1.1(a), in the form of an award of attorney'' fees and costs incurred in litigating this motion. The plaintiff opposes the cross-motion.

After oral argument was held on the MOT SEQ 003, the parties were given a final opportunity to settle. On or about August 7, 2024, the plaintiff provided the defendant with a proposed Stipulation of Discontinuance Without Prejudice, with no provision for payment of attorney's fees and costs. The defendant rejected the proposal.

CPLR 3217(a) provides that a plaintiff may discontinue an action without prejudice without a court order if it serves the Notice of Discontinuance without Prejudice prior to the service of a responsive pleading. The defendant served its motion to dismiss before the plaintiff sought to discontinue, therefore requiring a court order. CPLR 3217(b) provides that, upon an order of the court, an action may be voluntarily discontinued "upon terms and conditions, as the court deems proper."  CPLR 3217(c) provides that any discontinuance is without prejudice "unless otherwise stated in the notice, stipulation or order of discontinuance."  The authority to grant or deny a motion pursuant to CPLR 3217(b) is within the sound discretion of the trial court. See Tucker v Tucker, 55 NY2d 378 (1982); Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881 (2nd Dept. 2013). The general rule is that "in the absence of special circumstances, such a prejudice to a substantial right of the defendant, or other improper consequences, a motion for voluntary discontinuance should be granted." Wilmington Savings Fund Society, FSB v Moore, 220 AD3d at 656 (2nd Dept. 2023) quoting Wells Fargo Bank, N.A. v Chaplin, supra at 881. That

**651562/2024  ISZO CAPITAL LP vs. JEFFERIES LLC**
**Motion No.  001 003**

**Page 2 of 4**

is, "[p]rejudice to the defendant and other special circumstances will [generally] preclude granting a motion for a discontinuance without prejudice." Reid v Brown, 165 AD3d 949, 950 (2nd Dept. 2018) quoting Brenhouse v Anthony Indus., 156 AD2d 411, 412 (2nd Dept. 1989); see Hersch v Cohen, 171 AD3d 1062 (2nd Dept. 2019) [dismissal with prejudice warranted where petitioner caused delays in litigation].

The defendant correctly argues that it would be "just and proper" for the action to be discontinued *with prejudice* as special circumstances exist and a substantial right would be prejudiced if the action were discontinued *without prejudice.* No reasonable argument can be made that the closing of the Gordmans Short Position did not bring the parties' dispute to a final resolution, and the plaintiff proffers no cogent basis for leaving open an avenue to relitigate the same issues. As noted, the plaintiff did not oppose the defendant's motion (MOT SEQ 001) due it being rendered moot. Nor does the plaintiff provide a reason for commencing this action in light of the prior arbitration award in favor of the defendant except to state, by way of the affidavit of its Chief Legal Officer, Cindy Delano, in support of MOT SEQ 003, that its relationship with Jeffries had "fractured" and it did not trust that Jeffries would abide by a court order or act reasonably. This is insufficient. Should the plaintiff be permitted to bring the same claims again, the defendant would be prejudiced by having to incur additional litigation costs in again moving to dismiss. In any event, in light of the discontinuance of this action with prejudice, MOT SEQ 001 is denied as moot.

In cross-moving for sanctions, the defendant argues that the plaintiff engaged in frivolous conduct by commencing an action barred by res judicata and collateral estoppel based on the award in the prior FINRA arbitration. While the defendant's argument has merit, the court need not rule on the dismissal motion as it is moot. Therefore, while the plaintiff's conduct in this action was questionable, it was not shown to be "frivolous" within the meaning of 22 NYCRR § 130-1.1(a). The court declines to impose sanctions at this juncture.

Accordingly, it is

ORDERED that the defendant's motion pursuant to CPLR 7503 to compel arbitration or dismiss the complaint (MOT SEQ 001) is denied as moot; and it is further

ORDERED that the plaintiff's motion pursuant to CPLR 3217 to discontinue this action without prejudice (MOT SEQ 003) is granted to the extent that the plaintiff shall be permitted to discontinue the action, but the dismissal shall be *with prejudice*, and it is further

**651562/2024 ISZO CAPITAL LP vs. JEFFERIES LLC**
**Motion No. 001 003**

**Page 3 of 4**

[* 3]

ORDERED that the defendant's cross-motion pursuant to 22 NYCRR § 130-1.1(a) for sanctions (MOT SEQ 003) is denied without prejudice.

This constitutes the Decision and Order of the court.

202411201230645NBANN0N074AAD54193641D1B070A4A20E8CF57F

__11/29/2024__
DATE

NANCY M. BANNON, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651562/2024   ISZO CAPITAL LP vs. JEFFERIES LLC
Motion No.  001 003

Page 4 of 4

4 of 4