U.S. Bank Trust, N.A. v Heaney (2025 NY Slip Op 04035)

U.S. Bank Trust, N.A. v Heaney

2025 NY Slip Op 04035

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-04648
2023-04651
 (Index No. 612191/18)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Georgene Heaney, appellant, et al., defendants.

Irwin Popkin, Melville, NY, for appellant.
Hill Wallack, LLP, New York, NY (Michael Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Georgene Heaney appeals from two orders of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), both dated April 11, 2023. The first order granted the plaintiff's motion pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice and to cancel a notice of pendency. The second order, inter alia, granted the same relief to the plaintiff, discontinued the action, and canceled the notice of pendency.
ORDERED that the orders are affirmed, with one bill of costs.
On June 26, 2018, the plaintiff commenced this action against the defendant Georgene Heaney (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Shirley. The defendant interposed an answer asserting various affirmative defenses, including that the plaintiff failed to comply with the notice requirement of RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The Supreme Court, among other things, denied those branches of the plaintiff's motion, on the ground, among others, that the plaintiff failed to establish, prima facie, its compliance with RPAPL 1304. The court noted that the plaintiff had improperly submitted additional evidence for the first time in its reply papers which could not be considered for the purpose of satisfying the plaintiff's prima facie burden on its motion.
On March 22, 2023, the plaintiff moved pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice and to cancel the notice of pendency. The defendant opposed the motion. In an order dated April 11, 2023, the Supreme Court granted the plaintiff's motion, and in a second order, also dated April 11, 2023, the court, inter alia, granted the same relief to the plaintiff, discontinued the action, and canceled the notice of pendency. The defendant appeals.
"The determination of a motion pursuant to CPLR 3217(b) for leave to discontinue an action without prejudice is within the sound discretion of the court" (U.S. Bank N.A. v Narain, 223 AD3d 856, 857; see Tucker v Tucker, 55 NY2d 378, 383). "Generally such motions should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other [*2]improper results" (U.S. Bank N.A. v Narain, 223 AD3d at 857 [internal quotation marks omitted]).
Here, there was no showing of substantial prejudice or other improper results arising from the proposed discontinuance of the action (see HSBC Bank USA, N.A. v Michalczyk, 218 AD3d 663, 663; Chase Home Fin., LLC v Sulton, 185 AD3d 646, 646; Federal Natl. Mtge. Assn. v Biggs, 172 AD3d 1322, 1322-1323; Emigrant Mtge. Co., Inc. v Carrera, 126 AD3d 853, 854). Accordingly, the Supreme Court providently exercised its discretion, inter alia, in granting the plaintiff's motion pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice and to cancel the notice of pendency.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court