Cenlar FSB v Rabinovitz (2025 NY Slip Op 04871)

Cenlar FSB v Rabinovitz

2025 NY Slip Op 04871

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-06013
2023-06014
 (Index No. 513131/16)

[*1]Cenlar FSB, respondent, 
v
Yakov Rabinovitz, et al., appellants, et al., defendants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Samuel Katz and Joseph J. Schwartz of counsel), for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yakov Rabinovitz and Congregation Beis Yehoshua appeal from two orders of the Supreme Court, Kings County (Larry D. Martin, J.), both dated January 17, 2023. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against the defendant Yakov Rabinovitz and to amend the caption accordingly. The second order, insofar as appealed from, granted the same relief to the plaintiff, discontinued the action insofar as asserted against the defendant Yakov Rabinovitz, and amended the caption accordingly.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In March 2005, the defendant Yakov Rabinovitz executed a note secured by a mortgage on certain real property located in Brooklyn. The mortgage was subsequently assigned to the plaintiff, and the property was conveyed to the defendant Congregation Beis Yehoshua (hereinafter CBY). In July 2016, the plaintiff commenced this action against Rabinovitz and CBY (hereinafter together the defendants), among others, to foreclose the mortgage. After the defendants interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. In an order dated January 17, 2018, the Supreme Court denied the motion on the ground that the plaintiff failed to establish its compliance with RPAPL 1304.
Thereafter, the plaintiff filed a second motion, among other things, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. In an order dated April 15, 2022, the Supreme Court granted the motion to the extent that it struck the defendants' affirmative defenses except for the defense alleging failure to comply with RPAPL 1304, and directed the parties to proceed to trial on that issue.
In July 2022, the plaintiff moved, inter alia, for leave to discontinue the action insofar [*2]as asserted against Rabinovitz and to amend the caption accordingly. The defendants opposed the motion. In an order dated January 17, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion. On the same date, the court issued another order, inter alia, granting the same relief to the plaintiff, discontinuing the action insofar as asserted against Rabinovitz, and amending the caption accordingly. The defendants appeal.
"'The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883; see U.S. Bank N.A. v Narain, 223 AD3d 856, 857). "Generally such motions should be granted 'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d at 786, quoting Marinelli v Wimmer, 139 AD3d 914, 915; see U.S. Bank N.A. v Giraldo, 230 AD3d 1369, 1370).
"A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought" (Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; see PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070; see also RPAPL 1311[1]). Here, Rabinovitz conveyed his interest in the property to CBY prior to the commencement of the action, and the plaintiff waived its right to seek a deficiency judgment against Rabinovitz. Thus, Rabinovitz was not a necessary party to the action. Contrary to the defendants' contention, Rabinovitz failed to establish substantial prejudice or other improper results arising from the proposed discontinuance of the action insofar as asserted against him (see U.S. Bank N.A. v Giraldo, 230 AD3d at 1370; HSBC Bank USA, N.A. v Michalczyk, 218 AD3d 663, 664). Moreover, there is no evidence that the plaintiff was attempting to avoid an adverse determination by discontinuing the action insofar as asserted against Rabinovitz (see Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526-1527).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to discontinue the action insofar as asserted against Rabinovitz and to amend the caption accordingly.
The defendants' remaining contentions are without merit.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court