HSBC Bank USA, N.A. v Kone (2020 NY Slip Op 06505)





HSBC Bank USA, N.A. v Kone


2020 NY Slip Op 06505


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07427
2018-07428
 (Index No. 505987/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Mariame Kone, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Shane Wax, and David Berg of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mariame Kone appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 1, 2017, and (2) an order of the same court dated April 12, 2018. The order dated November 1, 2017, insofar as appealed from, granted the plaintiff's motion to discontinue the action and denied, as academic, that branch of the cross motion of the defendant Mariame Kone which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred. The order dated April 12, 2018, granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim of the defendant Mariame Kone pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and denied that branch of that defendant's cross motion which was for summary judgment on that counterclaim.
ORDERED that the order dated November 1, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated April 12, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 8, 2007, the plaintiff commenced an action (hereinafter the prior action) to foreclose a mortgage executed by the defendant Mariame Kone (hereinafter the defendant). On February 19, 2009, the Supreme Court granted the plaintiff's motion for an order of reference. However, in an order dated July 2, 2013, the court, sua sponte, dismissed the complaint in the prior action pursuant to CPLR 3215(c).
On June 30, 2014, the plaintiff commenced this action (hereinafter the subject action) to foreclose the mortgage, and the defendant asserted a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the action was time-barred. Thereafter, the plaintiff moved pursuant to CPLR 3217(b) to discontinue the subject action "so that it can restore the [prior action] and seek vacatur of the Order of Dismissal." The defendant cross-[*2]moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim. The plaintiff also moved, inter alia, for summary judgment dismissing the defendant's counterclaim.
In an order dated November 1, 2017, the Supreme Court, inter alia, granted the plaintiff's motion to discontinue the subject action, denied, as academic, that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her, and held the remaining branch of the defendant's cross motion in abeyance. Thereafter, the court in the prior action granted a motion by the plaintiff to vacate the order of dismissal and restore that action to active status. In an order dated April 12, 2018, the court in the subject action granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim and denied that branch of the defendant's cross motion which was for summary judgment on its counterclaim "[i]n light of [the] order in the [prior action] . . . restoring that case to active status." The defendant appeals from the order dated November 1, 2017, and the order dated April 12, 2018.
"A motion for leave to discontinue an action is addressed to the sound discretion of the court" (Matter of Blauvelt Mini-Mall, Inc. v Town of Orangetown, 158 AD3d 678, 679). "Generally such motions should be granted 'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Marinelli v Wimmer, 139 AD3d 914, 915).
Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to discontinue the subject action, as there was no showing that the defendant would be prejudiced by the discontinuance (see Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883). Thus, we agree with the court's denial, as academic, of that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her (see Wells Fargo Bank, N.A. v Bagley, 104 AD3d 938).
Furthermore, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and denying that branch of the defendant's cross motion which was for summary judgment on the counterclaim. The defendant cannot sustain a cause of action pursuant to RPAPL 1501(4), since the prior action was restored to active status, and remains pending and unresolved (see Mizrahi v US Bank, Natl. Assn., 156 AD3d 617, 618).
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court