U.S. Bank N.A. v Narain (2024 NY Slip Op 00335)

U.S. Bank N.A. v Narain

2024 NY Slip Op 00335

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-01647
 (Index No. 713155/20)

[*1]U.S. Bank National Association, etc., respondent,
v
Bissoon Narain, et al., appellants, et al., defendants.

Queens Legal Services, Jamaica, NY (Darlene Mottley and Michael Corcoran of counsel), for appellants.
Houser LLP, New York, NY (Kathleen M. Massimo and Evan N. Soyer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Bissoon Narain and Deoki Narain appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered February 2, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice, and denied the cross-motion of the defendants Bissoon Narain and Deoki Narain for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their counterclaims, which were pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and pursuant to Real Property Law § 282 for an award of attorneys' fees and costs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 17, 2020, the plaintiff commenced this action against the defendants Bissoon Narain and Deoki Narain (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Far Rockaway. The defendants interposed an answer in which they asserted, inter alia, an affirmative defense alleging that the action was barred by the statute of limitations, a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and a counterclaim pursuant to Real Property Law § 282 for an award of attorneys' fees and costs.
In August 2021, the plaintiff moved, inter alia, pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice, in order to restore a prior action to foreclose the mortgage and proceed to judgment in that action (see U.S. Bank N.A. v Narain, ___ AD3d ___ [Appellate Division Docket No. 2021-05823; decided herewith]). The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them, as time-barred, and for summary judgment on their counterclaims.
In an order entered February 2, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to discontinue the action without prejudice, and denied the defendants' cross-motion. The defendants appeal.
The determination of a motion pursuant to CPLR 3217(b) for leave to discontinue an action without prejudice is within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383; Nationstar Mtge., LLC v Dalton, 201 AD3d 726, 727). "Generally such motions should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (Haughey v Kindschuh, 176 AD3d 785, 786 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Kone, 188 AD3d 836, 838). Here, there was no showing of substantial prejudice or other improper results arising from the proposed discontinuance of the action (see HSBC Bank USA, N.A. v Kone, 188 AD3d at 838; Chase Home Fin., LLC v Sulton, 185 AD3d 646, 647).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice.
In light of the foregoing, the Supreme Court properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them (see id.). The court also properly denied that branch of the defendants' cross-motion which was for summary judgment on their counterclaims, since the prior action was restored to active status, and remains pending and undecided (see U.S. Bank N.A. v Narain, ___ AD3d ___ [Appellate Division Docket No. 2021-05823; decided herewith]; HSBC Bank USA, N.A. v Kone, 188 AD3d at 838).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court