Arthur G. Klein, J.
The complaint in this action sets forth 4 causes of action against the defendant Farkas for separation, and 2 for declaratory judgment: the 5th, declaring that a divorce obtained by the defendant in Mexico is invalid; and the 6th, for a judgment annulling defendant’s marriage to the codefendant Francine Moss Glansrach. The first 4 causes of *828 action are based, respectively, on abandonment, failure to support, cruel and inhuman treatment, and adultery.
The answer of the defendant Farkas consists of general denials. He also alleges as affirmative defenses: first, that plaintiff abandoned him, thus forfeiting her right to support; second, the existence of a valid prenuptial agreement; third, the existence of a valid separation agreement, depriving this court of jurisdiction; fourth, the existence of a valid reconciliation agreement, which plaintiff refused to comply with; and therefore, that she is estopped from proceeding in this court. In a fifth affirmative defense he alleges that the plaintiff’s conduct estops her from any relief.
In his demand for relief he asks that the complaint be dismissed, except as to the 5th cause of action, which alleges the invalidity of his Mexican divorce.
The separation agreement provided for the payment of $1,250 per month, and this provision appears to have been fully complied with by the defendant. A motion solely for counsel fees was previously granted and plaintiff was allowed a counsel fee of $750 to prosecute this action.
The case came on for trial before this court on November 24, 1964.
The defendant’s attorney announced at the opening of the trial that the defendant did not intend to defend as against the 5th or 6th causes of action which sought declaratory judgments on the invalidity of defendant’s Mexican divorce and his subsequent remarriage. It was his intention, he stated, to defend only on the issue of the plaintiff’s right to support, as alleged in the 1st, 2d, 3d and 4th causes of action, in view of the various agreements, with which he asserted compliance.
The plaintiff also withdrew her 6th and sole cause of action against the defendant Francine Moss Glansrach, in which she sought annullment of her marriage to defendant Alexander Spencer Farkas.
From the testimony and documentary evidence, offered at the trial, it appears that the plaintiff and defendant were married in Chicago on October 13,1962. Prior thereto, on September 27, 1962, they had entered into a prenuptial agreement.
Having lived together for approximately 11 days as husband and wife, they separated on October 24,1962; and on November 17,1962 they entered into a separation agreement. They reconciled in January, 1963 and at that time entered into a reconciliation agreement. In October, 1963, defendant obtained a Mexican divorce without any service on or appearance by the plaintiff, *829 and the defendant subsequently remarried. His new wife (defendant Francine Moss Glansrach) had borne him a child a few days before the trial of this action. A certified copy of the Mexican divorce was received in evidence.
On the witness stand plaintiff stated it was her prayer that the court declare invalid both the Mexican decree of divorce which the husband had obtained and his marriage with the new Mrs. Farkas.
The defendant offered no testimony to rebut plaintiff’s proof of the invalidity of the Mexican divorce or of his subsequent remarriage.
On the question of alimony, not raised by the plaintiff as an issue at the trial, defendant’s counsel merely rested on the separation agreement, by which the defendant had been abiding; and plaintiff’s counsel conceded that the defendant was regularly making the payments which he was obligated to make under it.
It was then stated by plaintiff’s counsel that the question of the legality of the separation agreement and its relation to the reconciliation agreement was something that “might” be argued in briefs. Both sides then rested, and requested three weeks for submission of findings of fact and conclusions of law. This court then reserved decision and requested counsel to submit such findings, and judgment.
Six months have since passed without submission of such findings, nor have any briefs been submitted, and the plaintiff now moves by substituted attorney to dismiss her cause without prejudice, stating that the motion is brought pursuant to CPLR 4213, 4403, and rule 11 of the rules of this court.
Obviously, a party cannot move to dismiss his own pleading. Such a motion lies only with an adverse party. “ A party may move for judgment dismissing one or more causes of action asserted against him ”. (CPLR 3211; emphasis supplied.)
The appropriate motion on behalf of the plaintiff would be a motion for discontinuance, and this court will disregard the erroneous description of the motion, and dispose of the motion as though it were properly designated as a motion to discontinue.
Discontinuances are governed by CPLR 3217. The rule provides:
“ Rule 3217. Voluntary discontinuance.
“(a) Without an order. Any party asserting a claim may discontinue it without an order
“1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is *830 served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court; or
“2. by filing with the clerk of the court before the case has been submitted to the court or jury a stipulation in writing signed by the attorneys of record for all parties, provided that no party is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action.
“ (b) by order of court. Except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper. After the cause has been submitted to the court or jury to determine the facts the court may not order an action discontinued except upon the stipulation of all parties appearing in the action.
“(c) Effect of discontinuance. Unless otherwise stated in ■the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States.”
In the face of the prohibition imposed on the court against discontinuance of an action after final submission (see CPLR 3217, subd. [b]), the court is without power to grant the relief requested and, accordingly, the motion is denied. Counsel are directed to submit briefs, if any, proposed findings, conclusions and judgment without undue delay, failing which the court will make such disposition of the matter as is deemed appropriate.