■ MARY G. MAHAFFEY, Respondent, v DANIEL E. MAHAFFEY, Appellant.—Order unanimously affirmed, without costs. Memorandum: The parties to this action were married in 1946 and lived together until 1973. There

are three grown children of the marriage. In 1974 the wife commenced an action seeking a legal separation on five different grounds and also seeking support for herself and for the parties' one minor child, then attending college. After she had presented her proof on her first cause of action alleging abandonment, the court stated that "the decree of separation was granted" and adjourned the trial until the next morning to take proof on the economic issues. When the court reconvened, plaintiff asked to discontinue her action, stating that she loved her husband and that she hoped for a reconciliation sometime, but that in the meantime she only wanted him to support her. There is no suggestion in the record that the wife was seeking any tactical advantage for herself or to harass her husband. Over the objection of the appellant husband, the court granted her motion for a discontinuance "without prejudice" and the support matter was pursued in Family Court. The issue is whether the separation cause of action had been submitted to the court. If it had, then the court could not discontinue the action without the stipulation of the parties (CPLR 3217, subd [b]). Appellant contends that "the cause [had] been submitted to the court * * * to determine the facts" and the court had so determined and granted the separation as evidenced by the Trial Justice's statement. Therefore, he maintains, no discretion remained in the Trial Justice to discontinue the action over his objection. The evidence in this case was not closed. Neither party had rested, and the court undoubtedly had the power to reopen the proof on the issue of separation if requested, or if it was unsatisfied with the proof. Furthermore, there were still important support issues to be decided. In short, the whole case was in the process of being proved, not under advisement. No stipulation by defendant was required and the Trial Justice properly exercised his discretion in discontinuing the action (cf. *Levey v Levey,* 169 App Div 966; *Farkas v Farkas,* 47 Misc 2d 827). (Appeal from order of Monroe Supreme Court—withdraw separation action.) Present— Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.