OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff commenced this action in the Justice Court to recover the sum of $2,939.34 for services rendered and equipment supplied in connection with the installation of heating, ventilation, and air conditioning at defendants’ residence. Defendants interposed a counterclaim to recover the sum of $50,000, alleging that plaintiffs work was shoddy and substandard. Almost two years after they had served their counterclaim, defendants moved, pursuant to CPLR 3217 (b), to discontinue their counterclaim without prejudice. Plaintiff opposed the motion, detailing how it would be prejudiced if the motion were to be granted. Plaintiff further asserted that UJCA 208 provides that “[i]f a counterclaim for money only in excess of $3000 is interposed, the court may entertain it to the extent of $3000 but it shall be deemed waived as to the excess above $3000.” Thus, plaintiff contended, by making their motion, defendants were attempting to undo the statutory waiver of their counterclaim to the extent it exceeded $3,000 and avoid the $3,000 monetary jurisdictional limit of the Justice Court. The Justice Court denied defendants’ motion, finding that plaintiff was, in fact, prejudiced by defendants’ “inordinate delay in seeking a discontinuance.”
The determination of a motion for leave to voluntarily discontinue a counterclaim, without prejudice, pursuant to CPLR 3217 (b), rests within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378 [1982]; Expedite Video Conferencing Servs., Inc. v Botello, 67 AD3d 961 [2009]). Where the *47 discontinuance of a claim would prejudice the rights of another party, it is within the discretion of the court to deny the application to discontinue (see Kaplan v Village of Ossining, 35 AD3d 816 [2006]; St. James Plaza v Notey, 166 AD2d 439 [1990]). Additionally, when a party moves to discontinue a claim, the court should consider the stage that the litigation has reached; the later the stage, the greater should be the court’s scrutiny of the moving party’s motives (see Tucker v Tucker, 55 NY2d 378 [1982]; Kane v Kane, 163 AD2d 568 [1990]).
Here, defendants’ admitted purpose in seeking to discontinue their counterclaim was to avoid the monetary jurisdictional limit of the Justice Court and pursue that claim in a separate action to be commenced in the Supreme Court, where there is no monetary jurisdictional limit. However, defendants waited almost two years after they had served their answer with the counterclaim before moving to discontinue. In fact, when the Justice Court had initially notified defendants that a motion was required to discontinue their counterclaim, defendants ignored this instruction and, instead, initiated a separate action on this same claim in the Supreme Court. It was not until after the Supreme Court had dismissed that subsequent action that defendants finally made the instant motion, over a year after they had been instructed to do so by the Justice Court. It was uncontroverted that discovery had been completed in this action, several court conferences had already been held, and the action was ready for trial. In view of the foregoing, we find that the Justice Court properly determined that plaintiff would be prejudiced by the delay at this late stage of litigation and, as a result, did not improvidently exercise its discretion in denying defendants’ motion to voluntarily discontinue their counterclaim without prejudice (see Tucker v Tucker, 55 NY2d 378 [1982]; Kane v Kane, 163 AD2d 568 [1990]).
Accordingly, the order is affirmed.
LaCava, J.E, Iannacci and LaSalle, JJ., concur.