■ JUDY FRIEDMAN, Respondent, v LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, Formerly Known as JEFFERSON PILOT LIFE AMERICA INSURANCE CO., Appellant. [989 NYS2d 482]—

In an action, inter alia, for a judgment declaring that a certain life insurance policy is in full force and effect, the defendant appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated May 3, 2012, which granted the plaintiff's motion for summary judgment declaring that the life insurance policy is in full force and effect, and denied its cross motion for summary judgment, in effect, declaring that the policy is no longer in full force and effect.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment declaring that the subject life insurance policy is in full force and effect is denied, the defendant's cross motion for summary judgment, in effect, declaring that the policy is no longer in full force and effect is granted, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the life insurance policy is no longer in full force and effect.

In or about September 2006, the defendant issued a whole life insurance policy to the Ruttner Family Irrevocable Life Insurance Trust (hereinafter the Trust), insuring the life of Serena Ruttner in the face amount of $10,000,000. In or about April 2008, the defendant determined that the Trust failed to timely pay a particular premium, and mailed a notice (hereinafter the subject notice) to the plaintiff, the trustee of the Trust, informing the Trust that the policy was entering a grace period for the payment of premiums and that, absent payment of the premium due during that grace period, the policy would lapse and be terminated. When the defendant thereafter received no premium payment during the grace period, it terminated the policy.

Thereafter, the plaintiff contacted the defendant in an attempt to make the necessary premium payment, arguing that the subject notice was not duly delivered. The plaintiff cited to and relied on the version of Insurance Law § 3211 in effect at that time, which, the plaintiff contended, required that the subject notice be sent to Ruttner, the insured, rather than to the Trust, as policy owner. Upon the defendant's refusal to accept the premium payment or reinstate the policy, the plaintiff commenced this action for a judgment declaring that the policy was in full force and effect and that, as such, it had not been properly terminated. Subsequently, the plaintiff moved for summary judgment declaring that the life insurance policy is in full force and effect, and the defendant cross-moved for summary judgment, in effect, declaring that the policy is no longer in full force and effect. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.

In 2008, when the defendant sent the subject notice to the

plaintiff, as the trustee of the policy owner, former Insurance Law § 3211 provided, in relevant part, that "[n]o policy of life insurance . . . shall terminate or lapse by reason of default in payment of any premium, installment, or interest on any policy loan in less than one year after such default, unless a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due . . . The notice required by paragraph one of subsection (a) hereof shall . . . be duly mailed to the last known address of the person insured, or if any other person shall have been designated in writing to receive such notice, then to such other person" (former Insurance Law § 3211 [a] [1]; [b] [1]).

While the plaintiff established, prima facie, that the defendant failed to mail the subject notice to the insured, and instead mailed it only to the Trust, as policy owner, the defendant submitted evidence showing that the insured designated the Trust, in writing, as the proper recipient of the "premium bill." In addition, the defendant also submitted evidence demonstrating that the insured, as a signatory of both the relevant application for insurance and an amendment to that application, ratified the written policy in writing, and that the policy, in fact, designated the Trust, as policy owner, as a proper recipient of *all* notices that were required to be provided by the defendant. In light of the foregoing, we need not determine whether the provisions of former Insurance Law § 3211 applied only to predefault notices that a premium was coming due in the near future, or whether it also applied to notices, such as the one in dispute here, informing a person that the premium payment was past due.

Consequently, the defendant did not merely raise a triable issue of fact in opposition to the plaintiff's showing, but established its own entitlement to judgment as a matter of law declaring that the policy was no longer in force and effect. In opposition to the defendant's showing, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment and in denying the defendant's cross motion for summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the life insurance policy is no longer in full force and effect (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Leventhal, Hall and Cohen, JJ., concur.