Cohen v Companion Life Ins. Co. (2020 NY Slip Op 00258)





Cohen v Companion Life Ins. Co.


2020 NY Slip Op 00258


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-07807
2017-11582
 (Index No. 891/16)

[*1]Jean Cohen, appellant, 
v
Companion Life Insurance Company, et al., respondents.


Harris J. Zakarin, P.C., Melville, NY, for appellant.
Locke & Herbert, LLP, New York, NY (Charles T. Locke of counsel), for respondents.



DECISION & ORDER
In an action to recover the proceeds of a life insurance policy, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered June 19, 2017, and (2) an order of the same court entered September 20, 2017. The order entered June 19, 2017, denied the plaintiff's motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint. The order entered September 20, 2017, denied the plaintiff's motion for leave to renew and reargue her prior motion for summary judgment on the complaint and her opposition to the defendants' prior cross motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order entered September 20, 2017, is dismissed as abandoned; and it is further,
ORDERED that the order entered June 19, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff was a beneficiary of a $1,000,000 life insurance policy issued on May 15, 2004, to her husband, Stanley H. Cohen, by the defendant Companion Life Insurance Company (hereinafter Companion). The plaintiff's husband died on October 29, 2014. The plaintiff sought to recover under the policy, but Companion disclaimed coverage on the ground that the policy lapsed on May 15, 2014, due to nonpayment of the premium prior to the policyholder's death. The plaintiff then commenced this action to recover the proceeds of the policy.
The plaintiff moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. In an order entered June 19, 2017, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff thereafter moved for leave to renew and reargue her prior motion and her opposition to the defendants' cross motion. In an order entered September 20, 2017, the court denied the motion. The plaintiff appeals from both orders.
The defendants established, prima facie, that the policy had lapsed due to nonpayment of the premium prior to the policyholder's death. In opposition, the plaintiff failed to raise a triable issue of fact (see Friedman v Lincoln Life & Annuity Co. of N.Y., 118 AD3d 940, 941-942). Contrary to the plaintiff's contention, the premium notice sent by the defendants to the policyholder on April 17, 2014, satisfied the notice requirements of Insurance Law § 3211(a) and (b) (see Friedman v Lincoln Life & Annuity Co. of N.Y., 118 AD3d at 941-942). Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the complaint and to grant the defendants' cross motion for summary judgment dismissing the complaint.
In light of our determination, the plaintiff's contentions regarding the admissibility of certain evidence allegedly showing that the policyholder voluntarily canceled the policy have been rendered academic. The plaintiff's contention that the defendants were estopped from terminating the policy due to nonpayment, raised for the first time on appeal, is not properly before this Court (see R.L. v New York City Dept. of Educ., 175 AD3d 477, 479).
Since the plaintiff fails to set forth any argument in her brief with respect to the order entered September 20, 2017, the appeal from that order should be dismissed as abandoned (see Bank of Am., N.A. v Meade, 153 AD3d 776, 776).
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court