Onewest Bank, FSB v Jach (2020 NY Slip Op 01357)





Onewest Bank, FSB v Jach


2020 NY Slip Op 01357


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-02859
 (Index No. 135114/14)

[*1]Onewest Bank, FSB, appellant,
v
Adam Jach, respondent, et al., defendants.


Hogan Lovells US, LLP, New York, NY (Ryan Sirianni and Chava Brandriss of counsel), for appellant.
Ikhilov & Associates, Brooklyn, NY (Andrei A. Popescu of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated February 16, 2017. The order, insofar as appealed from, in effect, upon granting that branch of the plaintiff's motion which was for leave to discontinue the action, did so with prejudice.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the discontinuance of the action shall be without prejudice.
In July 2007, the defendant Adam Jach executed a note in the sum of $346,200, secured by a mortgage on real property located in Staten Island. In June 2010, the plaintiff, as the alleged holder of the note and successor in interest to the mortgagee, commenced this action to foreclose the mortgage, alleging that Jach had defaulted in making a payment due on February 1, 2010. In December 2012, upon denying the plaintiff's motion for summary judgment and granting Jach's cross motion for summary judgment dismissing the complaint insofar as asserted against him, the Supreme Court directed dismissal of the complaint, without prejudice, based on lack of standing.
Thereafter, in February 2014, the plaintiff commenced this action, again seeking to foreclose the subject mortgage. After interposing an answer, in which he alleged lack of standing as an affirmative defense, Jach moved for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff cross-moved, inter alia, for summary judgment on the complaint. The Supreme Court referred the action to a referee to hear and report on the issue of standing. After conducting a hearing, the referee issued a report finding, in effect, that the plaintiff had failed to establish its standing for purposes of its cross motion for summary judgment on the complaint.
In October 2015, with this action still pending and the referee's report not yet confirmed, the plaintiff commenced an action in federal court seeking to foreclose the subject mortgage. Subsequently, in August 2016, the plaintiff moved before the Supreme Court, among other things, for leave to discontinue the action without prejudice, which Jach opposed.
In the order appealed from, the Supreme Court, inter alia, in effect, upon granting that branch of the plaintiff's motion which was for leave to discontinue the action, did so with prejudice. The plaintiff appeals.
The Supreme Court, in granting that branch of the plaintiff's motion which was for leave to discontinue the action, should have done so without prejudice. Pursuant to CPLR 3217(b), "an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper." As a general rule, "a plaintiff should be permitted to discontinue an action without prejudice unless the defendant would be prejudiced thereby" (America's Residential Props., LLC v Lema, 118 AD3d 735, 736; see Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622, 622-623; Urbonowicz v Yarinsky, 290 AD2d 922, 923). Here, there was no evidence that Jach would be prejudiced by a discontinuance (see America's Residential Props., LLC v Lema, 118 AD3d at 736; cf. Kaplan v Village of Ossining, 35 AD3d 816, 817; DuBray v Warner Bros. Records, 236 AD2d 312, 314). Also, contrary to Jach's contention, the parties were not required, under the circumstances of this case, to stipulate to the discontinuance of the action (see CPLR 3217[b]; Mahaffey v Mahaffey, 52 AD2d 1039, 1040).
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court