Aurora Loan Servs., LLC v Hunte (2020 NY Slip Op 08028)





Aurora Loan Servs., LLC v Hunte


2020 NY Slip Op 08028


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10531
2018-10532
 (Index No. 473/11)

[*1]Aurora Loan Services, LLC, respondent,
v
Esther Hunte, appellant, et al, defendants.


Esther Hunte, Newburgh, NY, appellant pro se.
McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Esther Hunte appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated May 17, 2018, and (2) an order of the same court dated June 5, 2018. The order dated May 17, 2018, insofar as appealed from, granted the plaintiff's motion for leave to discontinue the action without prejudice. The order dated June 5, 2018, denied the motion of the defendant Esther Hunte for leave to renew and reargue her opposition to the plaintiff's motion for leave to discontinue the action without prejudice.
ORDERED that the appeal from the order dated June 5, 2018, is dismissed; and it is further,
ORDERED that the order dated May 17, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2005, the defendant Esther Hunte executed a note in the sum of $337,840, secured by a mortgage on real property located in Orange County. In January 2011, the plaintiff, as the alleged assignee of the mortgage, commenced this action to foreclose the mortgage, alleging that Hunte had defaulted in making her payments. The plaintiff later moved, inter alia, for leave to discontinue the action without prejudice. In an order dated May 17, 2018, the Supreme Court granted that branch of the plaintiff's motion. Hunte thereafter moved for leave to renew and reargue her opposition to the plaintiff's motion, which the court denied in an order dated June 5, 2018. Hunte appeals from both orders.
"'The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883). "Generally such motions should be granted 'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d at 786, [*2]quoting Marinelli v Wimmer, 139 AD3d 914, 915).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to discontinue the action without prejudice, as there was no evidence that Hunte would be prejudiced by a discontinuance (see Onewest Bank, FSB v Jach, 180 AD3d 1061, 1062; Haughey v Kindschuh, 176 AD3d at 786; Wells Fargo Bank, N.A. v Chaplin, 107 AD3d at 883). Contrary to Hunte's contention, there is no evidence that the plaintiff was attempting to avoid an adverse determination by discontinuing the action.
Since Hunte fails to address and set forth any argument in her brief with respect to the order dated June 5, 2018, the appeal from that order should be dismissed as abandoned (see Cohen v Companion Life Ins. Co., 179 AD3d 765, 766; Washington v County of Nassau, 176 AD3d 903, 904).
Hunte's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court