Fulton View Realty, LLC v Reddy (2022 NY Slip Op 22023)

Fulton View Realty, LLC v Reddy

2022 NY Slip Op 22023 [74 Misc 3d 54]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial District

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 23, 2022

[*1]

Fulton View Realty, LLC, Respondent,
v
Aparna Reddy, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, January 28, 2022

APPEARANCES OF COUNSEL

William Leavitt for appellant.
Wenig Saltiel LLP (Dan M. Blumenthal of counsel) for respondent.

{**74 Misc 3d at 55} OPINION OF THE COURT

Memorandum.

Ordered that, on the court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (see CCA 1702 [c]); and it is further ordered that the order is reversed, without costs, the discontinuance of the proceeding is vacated and the matter is remitted to the Civil Court for further proceedings in accordance with this decision and order.{**74 Misc 3d at 56}
In this nonpayment proceeding, tenant moved for summary judgment dismissing the petition and for leave to amend her answer and assert a counterclaim, and, upon such leave, for summary judgment on that counterclaim. Rather than opposing tenant's motion, landlord made an oral application to discontinue the proceeding based upon an improper certificate of occupancy (see Multiple Dwelling Law § 302). Tenant, having been apprised by landlord's attorney that landlord did not dispute that the certificate of occupancy was improper and of its [*2]intention to seek the discontinuance, submitted written opposition to the application during oral argument of landlord's application. Tenant argued that her pending motion for summary judgment should be granted but that, if the court did not grant tenant's motion, any voluntary discontinuance should be conditioned on landlord's payment of attorney's fees and an order directing landlord to correct a New York City Department of Housing Preservation and Development (HPD) violation. In an order entered April 23, 2020, the Civil Court unconditionally granted landlord's application to discontinue the proceeding, purportedly without prejudice to the proposed counterclaim, but without deciding tenant's pending motion for summary judgment dismissing the petition and for leave to amend her answer and assert the counterclaim, and, upon such leave, for summary judgment on that counterclaim. Tenant appeals, arguing that the Civil Court erred in "ignoring the summary judgment motion and discontinuing the case" or, in the alternative, that the discontinuance should have been conditional.
[1] While no appeal as of right lies from the order, which did not decide a motion made by landlord on notice (see CCA 1702 [a] [2]; Arroyo v City of New York, 185 AD2d 829 [1992]), we deem the notice of appeal to be an application for leave to appeal and grant tenant's application (see CCA 1702 [c]).
[2] It is an improvident exercise of a court's discretion to permit a party to discontinue a case "for the purpose of avoiding an adverse order of the court" (Kaplan v Village of Ossining, 35 AD3d 816, 817 [2006]; see Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 816 [2018]). Therefore, the Civil Court improperly granted landlord's application to discontinue the proceeding without first deciding tenant's pending motion for summary judgment dismissing the petition and for leave to amend her answer and assert a counterclaim, and, upon such leave, for summary judgment on that counterclaim. To the{**74 Misc 3d at 57} extent tenant argues on this appeal that her motion should have been granted, there is nothing for this court to review since it remains pending and undecided, including the branch thereof seeking to amend her answer to, among other things, assert a counterclaim (see Bibbo v Arvanitakis, 145 AD3d 656 [2016]; Born To Build, LLC v Saleh, 139 AD3d 654 [2016]).
Accordingly, the order is reversed, the discontinuance of the proceeding is vacated and the matter is remitted to the Civil Court for further proceedings in accordance with this decision and order.

Weston, J.P. (dissenting and voting to affirm the order of the Civil Court in the following memorandum). As an initial matter, I disagree with the majority's decision to deem the notice of appeal as an application for leave to appeal and would have dismissed the appeal. However, in view of the majority's decision, with which I strongly disagree, I am compelled to address the merits of the appeal.[*3]
At issue on this appeal is whether the court improvidently exercised its discretion in granting landlord's request to discontinue the action without deciding tenant's pending motion for, among other things, summary judgment on her counterclaim. Under the circumstances of this case, I would conclude that it did not.
The decision whether to grant an application to discontinue an action is committed to the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383 [1982]; Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526 [2020]). Such applications are generally granted, unless "special circumstances" exist to warrant the application's denial (see Tucker v Tucker, 55 NY2d at 383). Thus, where the movant seeks to avoid the consequences of a prior order or a potentially adverse determination, or where the opposing party would be prejudiced by the discontinuance, an application for a discontinuance should be denied (see Aurora Loan Servs., LLC v Hunte, 189 AD3d at 1526; Baez v Parkway Mobile Homes, Inc., 125 AD3d 905, 908 [2015]). Consideration should also be given to the stage of the proceedings at which the request for the discontinuance is made: "the later the stage, the greater should be the court's scrutiny of the moving party's motives" (Phoenix Mech. Corp. v London, 38 Misc 3d 45, 47 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Here, the court did not improvidently exercise its discretion in granting the discontinuance, especially where the discontinuance{**74 Misc 3d at 58} was without prejudice to tenant's counterclaim. In its decision, the court carefully considered whether a discontinuance would prejudice tenant. In determining that it would not, the court noted that tenant made no allegation of prejudice, that the request for a discontinuance was made shortly after adjournments made at tenant's request or on consent, and that a discontinuance would not foreclose tenant from pursuing her claims for the alleged code violations. Indeed, at oral arguments on the motion, tenant's attorney acknowledged that tenant had no "major issue with the discontinuance as long as it's conditioned on the payment of attorney's fees. That's what my opposition mostly is about" (tr at 5).[FN*] On this record, it cannot be said that tenant was prejudiced by the discontinuance (see Onewest Bank, FSB v Jach, 180 AD3d 1061 [2020]).
Nor was there any evidence on the record that landlord attempted to circumvent potentially adverse consequences by seeking a discontinuance. Although tenant's motion was pending at the time landlord made its request, landlord's request was made early in the proceedings and there was no prior order which landlord was seeking to avoid (compare Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc., 58 AD3d 686 [2009] [plaintiffs' motion for a voluntary discontinuance properly denied where the record showed that plaintiffs were attempting to avoid a prior order compelling arbitration]; Kaplan v Village of Ossining, 35 AD3d 816, 817 [2006] [discontinuance was improper where the purpose was to avoid a prior conditional order of preclusion]). Moreover, since the discontinuance was without prejudice to tenant's counterclaim, landlord could not escape the consequences of that counterclaim (compare [*4]Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 816, 817 [2018] [in an attempt to evade a possibly unfavorable determination on the merits, petitioners sought to discontinue their CPLR article 78 action after receiving a favorable arbitration award concerning the same issues raised in the article 78 proceeding]; Baez v Parkway Mobile Homes, Inc., 125 AD3d at 908 [order granting plaintiffs' request for a discontinuance without prejudice allowed plaintiffs to avoid the consequences of having failed to respond timely to defendant's 90-day demand, as well as an adverse determination of defendant's summary judgment motion]). With the counterclaim still pending, landlord did not receive an unfair advantage, but was{**74 Misc 3d at 59} in the same position as if tenant's motion to dismiss the petition had been granted. Even if landlord sought the discontinuance with the idea of securing a proper certificate of occupancy, as the court and the parties acknowledged below, a proper certificate of occupancy would not permit landlord to recover rent arrears for the period during which there was no valid certificate of occupancy (see Multiple Dwelling Law § 302 [1] [b]).
Accordingly, the order of the Civil Court should be affirmed.
Toussaint and Golia, JJ., concur; Weston, J.P., dissents in a separate memorandum.

Footnotes

Footnote *:Tenant's attorney later added the correction of an HPD violation involving the toilet as a condition of the discontinuance.