JPMorgan Chase Bank, N.A. v Starr-Klein (2023 NY Slip Op 05599)

JPMorgan Chase Bank, N.A. v Starr-Klein

2023 NY Slip Op 05599

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-01785
 (Index No. 63724/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Cathy E. Starr-Klein, appellant, et al., defendants.

Abrams Fensterman, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Cassie T. Doran of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cathy E. Starr-Klein appeals from an order of the Supreme Court, Suffolk County (Betsy Heckman Torres, J.), dated February 16, 2022. The order granted the plaintiff's motion for leave to substitute its counsel of record and to discontinue the action without prejudice.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Cathy E. Starr-Klein (hereinafter the defendant), among others, to foreclose a consolidated mortgage on certain property located in Amityville. After the defendant executed a loan modification agreement, effectively settling the litigation, the plaintiff moved for leave to substitute its counsel of record and to discontinue the action without prejudice. Annexed to the motion was an affirmation of Yimell M. Suarez Abreu of Wood Oviatt Gilman LLP, which stated that the plaintiff's prior counsel, Rosicki, Rosicki & Associates, P.C., had dissolved, that the plaintiff had retained Wood Oviatt Gilman LLP as new counsel, and that the plaintiff was seeking to discontinue the present action. The Supreme Court granted the motion, and the defendant appeals.
"'The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court'" (Haughey v Kindschuh, 176 AD3d 785, 786, quoting Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883). "Generally such motions should be granted 'unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results'" (Haughey v Kindschuh, 176 AD3d at 786, quoting Marinelli v Wimmer, 139 AD3d 914, 915). Under the circumstances, the Supreme Court providently exercised its discretion in discontinuing the action without prejudice, as there was no evidence that the defendant would be prejudiced by a discontinuance (see Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525; Onewest Bank, FSB v Jach, 180 AD3d 1061, 1062; Haughey v Kindschuh, 176 AD3d at 786; Wells Fargo Bank, N.A. v Chaplin, 107 AD3d at 883). Nor was there any prejudice to the defendant arising from the technical failure to comply with CPLR 321(b), and such [*2]a technical failure "does not render the acts of the new attorney a nullity" (Sperry Assoc. Fed. Credit Union v John, 160 AD3d 1007, 1009; see HSBC Bank USA, N.A. v Caesar, 200 AD3d 865).
The defendant's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., FORD, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court