U.S. Bank N.A. v Giraldo (2024 NY Slip Op 04587)

U.S. Bank N.A. v Giraldo

2024 NY Slip Op 04587

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-09760
2022-09761
 (Index No. 21752/06)

[*1]U.S. Bank National Association, etc., respondent,
v
Alfonso Giraldo, appellant, et al., defendants.

Mordente Law Firm LLC, Fresh Meadows, NY (Anthony R. Mordente of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Thomas M. Zegarelli and Harold Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alfonso Giraldo appeals from two orders of the Supreme Court, Nassau County (David P. Sullivan, J.), both entered August 3, 2022. The first order, insofar as appealed from, granted the plaintiff's motion for leave to discontinue the action insofar as asserted against the defendant Alfonso Giraldo and to vacate so much of a judgment of foreclosure and sale of the same court (Thomas Anthony Adams, J.) entered December 29, 2015, as was against that defendant. The second order, insofar as appealed from, granted the same relief to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In this action to foreclose a mortgage, the Supreme Court entered a judgment of foreclosure and sale upon the defendants' default. The defendant Alfonso Giraldo (hereinafter the defendant) moved pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground, inter alia, that he was never served with the summons and complaint and, therefore, the court lacked personal jurisdiction over him. The court denied the defendant's motion. In a decision and order dated March 3, 2021, this Court reversed and remitted the matter for a hearing to determine whether personal jurisdiction over the defendant was obtained, and for a new determination of his motion thereafter (see U.S. Bank N.A. v Giraldo, 192 AD3d 720).
Before the hearing occurred, the plaintiff moved for leave to discontinue the action insofar as asserted against the defendant and to vacate so much of the judgment of foreclosure and sale as was against him. By order entered August 3, 2022, the Supreme Court, inter alia, granted the motion. In another order entered the same day, the court granted the same relief to the plaintiff and additionally directed, upon the plaintiff's consent, that the plaintiff was precluded from seeking a deficiency judgment against the defendant in the event that the subject property sold at auction for less than the total amount due under the note and mortgage. The defendant appeals from the orders.
Contrary to the defendant's contention, the Supreme Court did not err in considering the plaintiff's motion, inter alia, for leave to discontinue the action insofar as asserted against the [*2]defendant, which was neither foreclosed by nor inconsistent with this Court's prior decision and order (see Sweeney, Cohn, Stahl & Vaccaro v Kane, 33 AD3d 785).
"A motion for leave to discontinue an action is addressed to the sound discretion of the court, and generally should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (Matter of Blauvelt Mini-Mall, Inc. v Town of Orangetown, 158 AD3d 678, 679 [citations omitted]; see U.S. Bank N.A. v Narain, 223 AD3d 856). Here, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to discontinue the action insofar as asserted against the defendant, as there was no showing of substantial prejudice to the defendant or other improper results arising from the proposed discontinuance of the action insofar as asserted against the defendant (see U.S. Bank N.A. v Narain, 223 AD3d 856; JPMorgan Chase Bank, N.A. v Starr-Klein, 221 AD3d 677, 678). Indeed, since the defendant transferred his entire interest in the subject property, and the plaintiff waived any claim for a deficiency judgment against him, the defendant no longer had any interest in the property and lacked standing to defend the action (see U.S. Bank N.A. v Nur, 208 AD3d 708; Moret, LLC v NewBank, 194 AD3d 809, 810; U.S. Bank N.A. v Davids, 188 AD3d 943, 944).
The defendant's remaining contention is without merit.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court