KNG Realty NY Co., LLC v Halpern (2024 NY Slip Op 06329)

KNG Realty NY Co., LLC v Halpern

2024 NY Slip Op 06329

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-00380
 (Index No. 509581/19)

[*1]KNG Realty NY Co., LLC, appellant,
v
Boruch Halpern, et al., respondents.

Crowell & Moring LLP, New York, NY (Gary A. Stahl of counsel), for appellant.
Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated November 17, 2022. The order denied the plaintiff's motion pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice is granted.
The plaintiff and the defendants own abutting real properties located in Brooklyn. In 2019, the plaintiff commenced this action against the defendants, inter alia, for injunctive relief, alleging that the defendants, among other things, erected a concrete wall and planted grass and trees on portions of the plaintiff's property without the plaintiff's permission. The defendants, inter alia, asserted a counterclaim for adverse possession of the disputed portions of the plaintiff's property. Thereafter, the plaintiff moved pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice. In an order dated November 17, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3217(b) for leave to discontinue the action without prejudice. The determination of a motion pursuant to CPLR 3217(b) for leave to discontinue an action without prejudice is within the sound discretion of the court (see Tucker v Tucker, 55 NY2d 378, 383; JPMorgan Chase Bank, N.A. v Starr-Klein, 221 AD3d 677). "Generally such motions should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (JPMorgan Chase Bank, N.A. v Starr-Klein, 221 AD3d at 678 [internal quotation marks omitted]). Here, the court improvidently exercised its discretion in denying the plaintiff's motion, as there was no showing of substantial prejudice or other improper results (see Nationstar Mtge., LLC v Dalton, 201 AD3d 726, 727; Deutsche Bank Natl. Trust Co. v Holcomb, 178 AD3d 773).
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court