Matter of Golden v Town Bd. of the Town of Oyster Bay (2026 NY Slip Op 00508)

Matter of Golden v Town Bd. of the Town of Oyster Bay

2026 NY Slip Op 00508

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-01870
 (Index No. 602569/21)

[*1]In the Matter of George Golden, et al., petitioners/plaintiffs -appellants, 
vTown Board of the Town of Oyster Bay, et al., respondents/defendants, Frank Marino, et al., respondents/defendants-respondents.

Harras Bloom & Archer LLP, Melville, NY (Linda S. Agnew of counsel), for petitioners/plaintiffs-appellants.
Certilman Balin Adler & Hyman LLP, East Meadow, NY (Michael G. Zapson of counsel), for respondents/defendants-respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for injunctive relief, the petitioners/plaintiffs appeal from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered November 15, 2023. The order, insofar as appealed from, granted those branches of the motion of the respondents/defendants Frank Marino and Susan Marino which were for summary judgment dismissing so much of the second cause of action as was for a permanent injunction enjoining them from performing any work on the petitioners/plaintiffs' property and pursuant to CPLR 3217(b) for leave to discontinue their first, second, third, and sixth counterclaims without prejudice, and denied that branch of the petitioners/plaintiffs' cross-motion which was for summary judgment on so much of the second cause of action as was for a permanent injunction enjoining the respondents/defendants Frank Marino and Susan Marino from performing any work on the petitioners/plaintiffs' property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioners/plaintiffs (hereinafter the plaintiffs) own certain waterfront property in the Town of Oyster Bay. The property shares a common boundary with waterfront property owned by the respondents/defendants Frank Marino and Susan Marino (hereinafter together the Marinos). In 2020, the respondent/defendant Town Board of the Town of Oyster Bay issued a resolution approving the Marinos' application, inter alia, to remove and replace a groin, which is a structure that extends into the water and prevents beach erosion. In March 2021, the plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 and action, among other things, for a permanent injunction enjoining the Marinos from performing any work on the plaintiffs' property, including the groin, which the plaintiffs alleged was located on their property. In their answer to the petition/complaint, the Marinos asserted various counterclaims. Their first, second, third, and sixth counterclaims sought declaratory and injunctive relief predicated on the their allegations regarding the location and their ownership of the groin.
In December 2022, the Marinos moved, inter alia, for summary judgment dismissing [*2]so much of the second cause of action as was for a permanent injunction enjoining them from performing any work on the plaintiffs' property and pursuant to CPLR 3217(b) for leave to discontinue their first, second, third, and sixth counterclaims without prejudice. In support of their motion, the Marinos submitted evidence demonstrating that during the pendency of the proceeding/action, they had obtained new permits authorizing the construction of a new groin without having to remove the disputed groin and that the new groin had been constructed entirely on their property. The Marinos argued, among other things, that the injunctive relief sought in the petition/complaint had been rendered academic. The plaintiffs cross-moved, inter alia, for summary judgment on so much of the second cause of action as was for a permanent injunction enjoining the Marinos from performing any work on the plaintiffs' property.
In an order entered November 15, 2023, the Supreme Court, among other things, granted those branches of the Marinos' motion which were for summary judgment dismissing so much of the second cause of action as was for a permanent injunction enjoining them from performing any work on the plaintiffs' property and pursuant to CPLR 3217(b) for leave to discontinue their first, second, third, and sixth counterclaims without prejudice, and denied that branch of the plaintiffs' cross-motion which was for summary judgment on so much of the second cause of action as was for a permanent injunction enjoining the Marinos from performing any work on the plaintiffs' property. The plaintiffs appeal.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Matter of Kirkland v Annucci, 150 AD3d 736, 737). "Thus, pursuant to the mootness doctrine, courts are precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances'" (Kennedy v Suffolk County, 211 AD3d 926, 928, quoting City of New York v Maul, 14 NY3d 499, 507; see Matter of Cody v Verivakis, 236 AD3d 783).
Here, the Marinos established their prima facie entitlement to judgment as a matter of law dismissing so much of the second cause of action as was for a permanent injunction enjoining them from performing any work on the plaintiffs' property by submitting evidence demonstrating that they had abandoned their plans to replace the disputed groin and had constructed a new groin entirely on their property. The Marinos demonstrated that no further construction work was needed or planned, and thus, enjoining such work would have no practical effect on the parties (see Matter of Cody v Verivakis, 236 AD3d at 783; Quinn v 20 E. Clinton, LLC, 193 AD3d 893, 894).
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the exception to the mootness doctrine does not apply here. "'An exception to the mootness doctrine may apply . . . where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts'" (Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 214 AD3d 873, 874, quoting Coleman v Daines, 19 NY3d 1087, 1090). Here, there is no likelihood of repetition because the issues underlying so much of the second cause of action as was for a permanent injunction enjoining the Marinos from performing any work on the plaintiffs' property are fact specific (see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 939; Smalls v St. John's Episcopal Hosp., 152 AD3d 629, 630). Moreover, the issues are not substantial and novel (see Berger v Prospect Park Residence, LLC, 166 AD3d at 939).
Accordingly, the Supreme Court properly granted that branch of the Marinos' motion which was for summary judgment dismissing so much of the second cause of action as was for a permanent injunction enjoining them from performing any work on the plaintiffs' property and denied that branch of the plaintiffs' cross-motion which was for summary judgment on so much of the second cause of action as was for a permanent injunction enjoining the Marinos from performing any work on the plaintiffs' property.
"A motion for leave to discontinue an action is addressed to the sound discretion of [*3]the court, and generally should be granted unless the discontinuance would prejudice a substantial right of another party, circumvent an order of the court, avoid the consequences of a potentially adverse determination, or produce other improper results" (Matter of Catherine Commons, LLC v Town of Orangetown, 157 AD3d 785, 786 [citations omitted]; see JPMorgan Chase Bank, N.A. v Starr-Klein, 221 AD3d 677, 678). Under the circumstances, the Supreme Court providently exercised its discretion in granting that branch of the Marinos' motion which was pursuant to CPLR 3217(b) for leave to discontinue their first, second, third, and sixth counterclaims without prejudice, as there was no evidence that the plaintiffs would be prejudiced by a discontinuance (see JPMorgan Chase Bank, N.A. v Starr-Klein, 221 AD3d at 678; Aurora Loan Servs., LLC v Hunte, 189 AD3d 1525, 1526). Moreover, there was no evidence that the Marinos were attempting to avoid an adverse determination by discontinuing those counterclaims (see Aurora Loan Servs., LLC v Hunte, 189 AD3d at 1526-1527).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court